IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| HENRY W. HODGES, JR.  )<br>  )<br>  Plaintiff,  )<br>  )  Civil Action No.: 4:09-cv 2256-TER<br>  )<br>vs.  )<br>  )  ORDER<br>MICHAEL J. ASTRUE,  )<br>COMMISSIONER OF SOCIAL  )<br>SECURITY ADMINISTRATION,  )<br>  )<br>  Defendant,  )<br>_____) | |

This matter is before the court on Plaintiff's motion for attorney's fees pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. 2412(d). Plaintiff requests $6,798.27 in attorney's fees on the grounds that he is a prevailing party entitled to attorney's fees by the EAJA.[1] Defendant contests the awarding of such fees, asserting the government's position was substantially justified. However, Defendant does not object to the calculation of the fee. Plaintiff filed a reply to the Defendant's response.

Under the EAJA, a court shall award attorney's fees to a prevailing party in certain civil actions against the United States unless it finds that the government's position was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(d)(1)(A). Plaintiff's initial request for disability insurance benefits (DIB) was denied and Plaintiff sought review of the Commissioner's decision in this

---

[1] Plaintiff's attorney seeks an award of $6,798.00 in EAJA fees at $163.42 an hour for a total of 41.60 hours.

Court. Plaintiff was successful in this court, obtaining a judgment filed March 15, 2011, reversing the Commissioner's decision and ordering that Plaintiff be awarded benefits. (Doc. #26). Thus, he was a prevailing party under the EAJA.

The district courts have discretion to determine a reasonable fee award and whether that award should be made in excess of the statutory cap. Pierce v. Underwood, 487 U.S. 552, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988); May v. Sullivan, 936 F.2d 176, 177 (4th Cir.1991). "Exorbitant, unfounded, or procedurally defective fee applications ... are matters that the district court can recognize and discount." Hyatt v. North Carolina Dep't of Human Res., 315 F.3d 239, 254 (4th Cir.2002) ( citing Comm'r v. Jean, 496 U.S. 154, 163, 110 S.Ct. 2316, 110 L.Ed.2d 134 (1990)). Moreover, the court should not only consider the "position taken by the United States in the civil action," but also the "action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412(d)(2)(D), as amended by P.L. 99–80, § 2(c)(2)(B).

Applying this standard to the facts of this case, the court concludes that the position of the Commissioner was not substantially justified. Based on a thorough review of the record in this case, the court determines that a proper showing has been made under EAJA and that the fees and costs sought should be approved by this court.

Therefore, it is ordered that Plaintiff is awarded $6,798.27 in attorney's fees as requested by Plaintiff's counsel.[2]

---

[2] The fees must be paid to Plaintiff. See Astrue v. Ratliff, 505 U.S. ——, No. 08–1322, slip op. at 1 (June 14, 2010) (holding that the plain text of the EAJA requires that

AND IT IS SO ORDERED.

                                                s/Thomas E. Rogers, III
                                                Thomas E. Rogers, III
                                                United Stated Magistrate Judge

February 28, 2012
Florence, South Carolina

---

attorney's fees be awarded to the litigant, thus subjecting EAJA fees to offset of any pre-existing federal debts); see also Stephens v. Astrue, 565 F.3d 131, 139 (4th Cir.2009) (same).